62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith B. HAYNES and Thomas E. Haynes, Defendants-Appellants.
 Nos. 94-5463, 94-5465.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: MERRITT, Chief Judge; and BROWN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith B. Haynes and Thomas E. Haynes appeal their convictions under 18 U.S.C. Sec. 2 and 21 U.S.C. Secs. 841 and 860. On appeal, they both challenge the sufficiency of the evidence against them and argue that the district court improperly limited cross-examination during their trial. Additionally, Keith Haynes appeals because he believes that the district court erred by departing upward from the sentencing guideline range in sentencing him. For the reasons set forth below, we AFFIRM the judgments of the district court.
 
 
 2
 On February 14, 1992, Keith and Thomas Haynes were arrested by the Nashville police after two undercover officers purchased six ounces of cocaine from Andres Gonzales Martinez, a co-defendant who pled guilty. Both of them were present when the officers bought the cocaine at Martinez's apartment. Before the sale occurred, Thomas Haynes advised the others to come inside because they looked suspicious. Once inside the apartment, Martinez told one officer that the Hayneses were his bodyguards. Both acted as bodyguards during the drug deal--Keith watched through a window for signs of trouble while Thomas did the same at the door to the apartment. Also, to protect the drugs, Thomas Haynes gave Martinez a revolver found at the apartment. When the deal was completed, the two undercover officers left. Other officers then executed a search warrant at Martinez's apartment. Thomas Haynes was arrested on the balcony, while Keith and Martinez were arrested in the bathroom attempting to flush cocaine down the toilet. A revolver, the $5,400.00 used to purchase the cocaine, more drugs and drug paraphernalia were recovered during the search of the apartment.
 
 
 3
 A federal grand jury returned a seven count indictment against Keith Haynes, Thomas Haynes and Martinez on July 8, 1993. The first four counts involved Martinez, who pled guilty on October 21. The Hayneses were charged only in counts five, six and seven of the indictment. Count five charged them with distributing or possessing with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1); count six charged them with possessing or distributing cocaine within one thousand feet of a school in violation of 21 U.S.C. Sec. 860; and count seven alleged that they used or possessed of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec.924(c). Each of the Hayneses was also charged with aiding and abetting the other in committing these offenses.
 
 
 4
 On November 23, Keith and Thomas Haynes went to trial and the jury returned a guilty verdict on counts five and six; they were found not guilty on the firearms offense. Their sentencing was eventually set for February 25, 1994. At sentencing, the district court granted an upward departure from the guideline range and sentenced Keith Haynes to five years, eleven months in prison; Thomas Haynes received a sentence of imprisonment of five years, five months. They now appeal their convictions and sentences. However, we disagree with the appellants' arguments.
 
 
 5
 Viewing the evidence, as we must, in the light most favorable to the United States, we find that there was sufficient evidence from which a rational trier of fact could have found the essential elements of the crimes of conviction. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Testimony at trial established that both Keith and Thomas Haynes were not only present during the drug sale, but both acted as bodyguards or lookouts. A rational trier of fact could also find that both knowingly possessed cocaine with intent to distribute. Contrary to his assertions, Keith Haynes was more than merely present; when arrested, he was attempting to destroy evidence by flushing cocaine down the toilet. There was also evidence from which the jury could conclude that Thomas Haynes supplied the cocaine sold to the undercover officers.
 
 
 6
 The other arguments presented are also unpersuasive. We find no abuse of discretion by the district court regarding the cross-examination of the officers who testified. There was no abuse by the court in limiting cross-examination to those matters within the scope of the officers' direct-examination testimony. Similarly, we find no abuse of discretion in excluding evidence of Martinez's assault convictions under Fed. R. Evid. 609; they were neither punishable by imprisonment for over a year nor involved dishonesty or false statements. Finally, there was no abuse of the court's discretion in dealing with Martinez's plea agreement.
 
 
 7
 Lastly, Keith Haynes argues that the court improperly departed upward from the guideline range in sentencing him. The court departed upward two levels under USSG Secs. 4A1.3 and 5K2.0 based on the unusual aspects of the offense not adequately taken into consideration by the guidelines and because Haynes's criminal history category significantly underrepresented the seriousness of the offense and the likelihood that Haynes would commit other crimes.
 
 
 8
 Here, the district court found that Keith Haynes' drug trafficking activities were on "a much grander scale than is reflected in this offense." The court was convinced that the length of time and the amount of drugs involved in Haynes' past drug deals were not adequately represented by this particular offense. In so concluding, the court accepted Martinez's testimony that Keith sold not only marijuana, but also cocaine. The amount of cash in Keith's possession ($1,501) and the fact that he was flushing cocaine down the toilet indicated that at some time in the past Haynes had taken part in dealing cocaine.
 
 
 9
 This Court gives due deference to a district court's application of the sentencing guidelines. Here, we cannot say that the court's findings were in error or that the court misapplied USSG Secs. 4A1.3 or 5K2.0. Because we find none of the defendants' contentions on appeal to have merit, we AFFIRM their convictions and sentence.